293 F.3d 95
 ALLSTATE INSURANCE COMPANY, Government Employees Insurance Company, GEICO Casualty Company, GEICO General Insurance Company and GEICO Indemnity Co., Plaintiffs-Appellees,
v.
Gregory V. SERIO, in his capacity as Acting Superintendent of Insurance of the State of New York, Defendant-Appellant.
 Docket No. 00-7769(L).
 Docket No. 00-7780(CON).
 United States Court of Appeals, Second Circuit.
 Argued: March 5, 2001.
 Certified to New York Court of Appeals: July 23, 2001.
 Decided by New York Court of Appeals: April 30, 2002.
 Decided: May 30, 2002.
 
 Penny Shane, Sullivan & Cromwell, NY, N.Y. for Plaintiff-Appellee Allstate Insurance Co. (Ellen V. Holloman on the brief).
 William P. Maloney, Maloney & Porcelli, NY, NY, for Plaintiff-Appellee GEICO.
 Deon J. Nossel, Assistant Solicitor General, for Eliot Spitzer, Attorney General of the State of New York (Michael S. Belohlavek, Deputy Solicitor General on the brief). Eugene R. Anderson, Anderson, Kill & Olick, NY, NY, for Amicus Curiae United Policyholders.
 Before WALKER, Chief Judge, OAKES, and CALABRESI, Circuit Judges.
 PER CURIAM.
 
 
 1
 Familiarity with the facts of this case, as set forth in this court's decision in Allstate Insurance Co. v. Serio, 261 F.3d 143 (2d Cir.2001), is assumed. In that decision, we certified four questions to the New York Court of Appeals: (1) Is Circular Letter 4 a valid interpretation of New York Insurance Law § 2610(b)? (2) Under § 2610(b), can the Department of Insurance properly impose a settlement of the sort reached by the Department with Allstate? (3) Under § 2610(b), can the Department of Insurance prohibit the "preferred repairer" clause proposed by GEICO for its Automobile Casualty Manual? (4) If any of these Department actions is permitted under Insurance Law § 2610(b), is that statute an unconstitutional regulation of commercial speech under Article I, Section 8 of the New York Constitution?
 
 
 2
 The New York Court of Appeals accepted certification and answered three of these questions. See Allstate Ins. Co. v. Serio, 98 N.Y.2d 198, ___ N.Y.S.2d ___, ___ N.E.2d ___, No. 46, 2002 N.Y. Slip Op. 03288, 2002 WL 753924 (N.Y. Apr. 30, 2002). It held that Circular Letter 4 and the settlement reached between the Department of Insurance and Allstate are "invalid" as they "exceed the statute's requirements" and that the rejection of the "preferred repairer" clause proposed by Geico "is not sustainable" under § 2610(b). Id. at ___ N.Y.S.2d at ___ - ___, ___ N.E.2d at ___ - ___, 8-10. In light of these responses, the Court of Appeals declined to reach the fourth question. Id. at ___ N.Y.S.2d at ___, ___ N.E.2d at ___, 12. In addition, it stated that its holding did not address the question whether the Department would have been justified in rejecting Geico's proposal pursuant to § 2610(a). Id. at ___ N.Y.S.2d at ___, ___ N.E.2d at ___, 10.
 
 
 3
 The district court had previously prohibited and enjoined the Department from "enforcing Section 2610(b) and the rules and regulations promulgated thereunder, including Circular 4." Allstate Ins. Co. v. Serio, No. 97 Civ. 0670, 2000 WL 554221, at *26 (S.D.N.Y. May 5, 2000). In addition, it declared the Enforcement Letter "null and void, and ... unenforceable against Allstate." Id. It premised each of these holdings on federal constitutional grounds.
 
 
 4
 In light of the Court of Appeals' decision, we REMAND this case to the district court for reconsideration of the issues and of its opinion.